UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B. Benedict Waters,<br><br>                Plaintiff,<br>v.<br><br>Experian Information Solutions, Inc., Jones,<br>Day, Reavis & Pogue, Eric J. Hardeman, John<br>Doe and Jane Doe,<br><br>                Defendants. | Civil No. 12cv308 AJB (RBB)<br><br>Order Granting Motions to Transfer Venue [Doc. Nos. 14 and 30] and Granting Defendants' Request for Judicial Notice [Doc. No. 15] and Denying Plaintiff's Motion for Hearing [Doc. No. 38] |

      In the instant case, there are presently seven pending motions before this Court which are set for hearing on June 29, 2012 and August 30, 2012.[1] Since the parties have both filed motions to transfer venue, [Doc. Nos. 14 and 30], the Court will, as a preliminary matter, address these motions along with Defendants' request for judicial notice, [Doc. No. 15] and Plaintiff's motion for hearing, [Doc. No. 38]. The hearings set for June 29, 2012 and August 30, 2012 are hereby vacated as the Court finds these motions appropriate for submission on the papers without oral arguments pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Defendants' motion to transfer venue, [Doc. No. 14], is hereby GRANTED, Plaintiff's motion to change venue, [Doc. No. 30], is GRANTED IN PART and

---

[1] Plaintiff's Motion for Partial Summary Judgment, filed 4/11/12, [Doc. No. 11]; Defendants' Motion to Dismiss for Failure to State a Claim, filed 4/16/12, [Doc. No. 12]; Defendants' Motion for Judgment on the Pleadings, filed 4/16/12, [Doc. No. 13]; Defendants' Motion to Change Venue, filed 4/16/12, [Doc. No. 14]; Plaintiff's Motion for Summary Judgment, filed 5/17/12, [Doc. No. 28]; Plaintiff's Motion for Partial Summary Judgment, filed 5/17/12, [Doc. No. 29]; Plaintiff's Motion to Change Venue, filed 5/17/12, [Doc. No. 30]; and Plaintiff's Motion for Hearing, filed 5/21/12, [Doc. No. 38].

DENIED IN PART, Defendants' request for judicial notice, [Doc. No. 15], is GRANTED to the extent necessary to resolve the instant motions, and Plaintiff's Motion for hearing, [Doc. No. 38], is DENIED.

### *Background*

On November 19, 2007, Mr. Waters filed his original complaint in *Waters v. Hollywood Tow Service, Inc., et al.*, (hereinafter "Hollywood Tow"), Case Number 07-7568, in the Central District of California. (*See* Request for Judicial Notice ("RJN") Ex. B at 1.) On September 15, 2009, Mr. Waters filed his Third Amended Complaint ("TAC") in *Hollywood Tow*, naming Experian as a defendant for the first time. (RJN Ex. A.) Experian was represented in the case by Jones Day and Jones Day attorney Eric J. Hardeman. (RJN Ex. C.)

Plaintiff alleged that he received parking tickets from City of Los Angeles personnel for parking in a bus lane, (Ex. A ¶ 48), and in a no-parking zone, (*Id*. ¶ 89), and that Defendant Hollywood Tow towed his car as a result of these violations. (*Id*. ¶ 90). Waters sued the City of Los Angeles for enforcing an "unconstitutional parking scam policy," (*Id*. at 27), and sued Experian under the Fair Credit Reporting Act ("FCRA"), alleging that "the towing company incorrectly reported debts and that these debts appeared on his credit report in error." (RJN Ex. B at 1; *see also* RJN Ex. A ¶¶ 542-609.)

While Mr. Waters first suit, *Hollywood Tow*, was pending before Judge Snyder in the Central District, the Plaintiff filed a second lawsuit on October 22, 2009, *Waters v. Casas, et al.*, Case No. 09-7696, in the Central District of California, based on the same set of operative facts. (RJN Ex. E at 1.) In the second lawsuit, Mr. Waters again names Experian, Hollywood Tow, and various other defendants based on allegedly inaccurate collection accounts reported to Experian as the result of three tows on Mr. Waters' vehicle performed by Hollywood Tow. (*Id*. at 2.) Defendant, Experian was once represented by Jones Day and Eric J. Hardeman. (RJN Ex. F.)  In the second lawsuit, Mr. Waters disputed the validity of the information furnished to Experian regarding debts owed to Hollywood Tow, and accused Experian of violating the FCRA by allegedly failing to properly investigate his dispute and to adopt reasonable procedures to ensure the accuracy of its credit reports. (RJN Ex. D ¶¶ 213-246.) On October 4, 2010, Judge Snyder granted summary judgment in the *Casas* action as to all defendants. (RJN Ex. E.)

Following the ruling in *Casas*, Experian moved for judgment on the pleadings in *Hollywood Tow*, arguing that Mr. Waters' claims were barred by res judicata. On February 16, 2011, Judge Snyder

granted Experian's motion, concluding that the *Hollywood Tow* and *Casas* cases "arise from the same transactional nucleus of facts." (RJN Ex. B at 5.) Moreover, under *Calvalho*, the court held that Mr. Waters could not state a claim against Experian under the FCRA because he was disputing the legal validity of the debt reported on his credit reports. (*Id.*; *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010).)

On February 6, 2012, Mr. Waters filed this action in the Southern District of California against Experian, Jones Day, and Eric J. Hardeman. (Compl., Doc. No. 1.) In this case, Mr. Water's contends that Experian violated the FCRA while defending itself against Plaintiff's prior lawsuits by sharing Mr. Waters' credit report with its lawyers without Mr. Waters' permission. (*Id.* ¶¶ 30-39.)

### *Legal Standard*

*Change of Venue under 28 U.S.C. § 1404(a)*

Section 1404(a) of Title 28 of the United States Code provides that even when venue is proper, the court has discretion to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this section is to "prevent the waste 'of time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.–585*, 364 U.S. 19, 26–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)). The party requesting the transfer bears the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).

### *Discussion*

To support a motion to transfer under § 1404(a), the moving party must first show the proposed transferee court possesses subject matter jurisdiction over the action, the parties would be subject to personal jurisdiction in the transferee court, and venue would have been proper in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *A.J. Indus., Inc. v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386 (9th Cir.1974). As a preliminary matter the

1  Court notes that both Plaintiff and Defendants are seeking transfer to the Central District, however, Mr.
2  Waters specifically seeks transfer to the Santa Ana Division of the Central District.  It is clear that the
3  Central District is the proper venue and possesses both personal and subject matter jurisdiction over the
4  action, because: (1) Plaintiff and Defendants and many if not all of the relevant witnesses reside or are
5  located in the Central District; and (2) Mr. Waters' two prior actions involving many of the same parties
6  and underlying facts were adjudicated in the Central District.

7  Having satisfied the threshold requirements, the Court next looks at whether the convenience of
8  parties and witnesses, and the interests of justice favor transfer. 28 U.S.C. § 1404(a). In the Ninth
9  Circuit, courts weigh several considerations when determining whether transfer is appropriate: (1)
10 plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses and
11 availability of compulsory process; (4) ease of access to the evidence; (5) feasibility of consolidation of
12 other claims; (6) familiarity of each forum with the applicable law; (7) any local interest in the
13 controversy; and (8) the relative court congestion and time to trial in each forum. Decker Coal, 805 F.2d
14 at 843; *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir.2000), *cert. denied*, 531 U.S.
15 928, 121 S.Ct. 307, 148 L.Ed.2d 246 (2000).

16 In his moving papers, the Plaintiff admits that he mistakenly filed the instant action in the
17 Southern District of California, and explains that he meant to file this action in the Central District of
18 California, Santa Ana Division.  The complaint does not, however, give any explanation as to why Mr.
19 Waters now seeks to file in the Santa Ana Division when this action relates to two prior actions in the
20 Los Angeles Division of the Central District. This action represents the third in a triad of cases filed by
21 the Plaintiff as the result of parking tickets he received in Los Angeles. This action also marks the third
22 time that Mr. Waters, who denies that any of the tickets were validly issued, has attempted to impose
23 liability on Experian, a credit reporting agency, for his financial and emotional distress. In both prior
24 actions, Judge Christina A. Snyder of the Central District of California, awarded judgment to Experian
25 and against Mr. Waters.

26 "The question of which forum will better serve the interest of justice is of predominant
27 importance on the question of transfer, and the factors involving convenience of parties and witnesses
28 are in fact subordinate." *Madani v. Shell Oil Co.*, 2008 WL 268986, *2 (N.D. Cal., Jan.30, 2008)

(quotation omitted); *see also Mussetter Distrib., Inc. v. DBI Beverage Inc.*, 2009 WL 1992356, *6 (E.D. Cal., July 8, 2009); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261 (W.D. Wash.2005). "An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Madani*, 2008 WL 268986, *2); *Bratton v. Schering–Plough Corp.*, 2007 WL 2023482, *5 (D. Ariz., July 12, 2007) ("In general, cases should be transferred to districts where related actions are pending."). "The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 386–87 (9th Cir.1974) (citations omitted).

Based upon the foregoing, the Court finds that transfer to the Los Angeles Division of the Central District will best serve the interests of justice because this forum, and Judge Snyder in particular, are familiar with Mr. Waters and the underlying facts of this case. Judge Snyder has presided over Mr. Waters' related suits since 2007. As such, transfer to the Los Angeles Division of the Central District of California would preserve judicial resources and best serve the interests of justice. 28 U.S.C. § 1404(a).

### *Conclusion*

For the reasons set forth above, the Defendants' motion to transfer venue, [Doc. No. 14], is hereby GRANTED, Plaintiff's motion to change venue, [Doc. No. 30], is GRANTED IN PART and DENIED IN PART, Defendants' request for judicial notice, [Doc. No. 15], is GRANTED to the extent necessary to resolve the instant motions. Having concluded that transfer of venue to the Central District is appropriate, the Plaintiff's motion for hearing, [Doc. No. 38], which seeks to have this Court hear all of the pending motions simultaneously is DENIED.[2]

---

[2] Plaintiff has complained that the Court granted favoritism to the defense in scheduling their motions to dismiss and for judgment on the pleadings for an earlier date than his summary judgment motions. This is not true, no favoritism was granted. When plaintiff called to set a summary judgment hearing the Court was reluctant to calendar the matter since no answers were on file. This Court typically finds pre-answer summary judgments premature and unhelpful. None the less, when plaintiff persisted in his request, the first available date of August 30, 2012 was given. Thereafter, the defendant's sought to file their motions, and as a result of activity in other cases, an earlier date of June 29, 2012 opened up. The Court decided to proceed with those motions first and not advance plaintiff's

1 | The motions otherwise pending and docketed as Numbers 11, 12, 13, 28, and 29, respectively,
2 | are transferred with the file for disposition by the judge assigned in the Central District of California.
3 | IT IS SO ORDERED.

5 | DATED: May 31, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

26 | motions to the same date. The Court has discretion in the management of its calendar, and did not find separate settings inconsistent with judicial economy. To the contrary, resolving the pleading issues first, which could require further amendments or result in the dismissal of claims was determined to be the best course. If the plaintiff's complaint withstood the challenge, then a focus on the summary judgment motions could proceed. To do otherwise was determined not conducive to the best use of the Court's time or resources.